8852

SIMKINS v. WESTERN UNION TELEGRAPH CO.

(81 S. E. 657.)

TELEGRAPHS AND TELEPHONES. DELAY IN DELIVERY OF MESSAGES. PLEADING. DAMAGES.

1. A party to a contract, to recover special damages for a breach thereof, must allege that the adverse party, at the time of making the contract, knew the peculiar circumstances which would give rise to special damages in case of a breach.

2. The Court, in determining the sufficiency of the complaint, in an action against a telegraph company for delay in the delivery of a message, causing loss of compensation for professional services, as stating a cause of action for special damages, may consider the message set out in the complaint as read in the light of the attendant circumstances known to the company, as alleged in the complaint.

3. A demurrer to a complaint admits every fact alleged in the complaint and every fact which may be reasonably inferred from those directly alleged.

4. A complaint, in an action against a telephone company for delay in delivering a message asking plaintiff to go to a designated place and represent the sender before a body, which alleges that plaintiff was an attorney, and was known to the agents of the company, and that the company knew that the sender's purpose was to engage the professional services of plaintiff, and that, because of delay in the delivery of the message, plaintiff could not render the services, and was deprived of a reasonable compensation therefor, states a cause of action, as against a demurrer, for special damages for loss of compensation.

5. A telegraph company, when sued for delay in the delivery of a message, may not complain of the defect in the complaint whereby evidence to prove notice that special damages would result from delay in delivery is set out instead of the allegation of notice.

Before BOWMAN, J., Edgefield, March, 1913.    Reversed.

Action by S. McGowan Simkins against the Western Union Telegraph Company.    From a judgment for defendant, plaintiff appeals.

*Messrs. E. H. Folk* and *B. E. Nicholson,* for appellant, · cite: *Nature of damages alleged:* 71 S. C. 85; 37 Cyc. 1766; 65 S. C. 491; 93 S. C. 318; Mood Case, 40 S. C. 524, distinguished.    *Telegram gave notice of damages on its face:* 70 S. C. 16, 422; 75 S. C. 512.

*Messrs. Nelson, Nelson & Gettys,* for respondent, cite: 40 S. C. 524.    *Telegram gave no notice of special damages:* 71 S. C. 29; 68 Miss. 307; 8 So. 746; 71 S. C. 82; *Ib.* 211.

May 12, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The plaintiff, who is an attorney at law, brought this action to recover damages for the alleged negligence of defendant in failing to transmit and deliver with reasonable promptness the following message, which was addressed to him: "Go to Columbia tomorrow.    Represent me before executive committee."    The message was sent by Mr. W. Jasper Talbert, from Parksville, to the plaintiff, at Edgefield; both places being in Edgefield county.    It was filed about 7 o'clock p. m., September 3d, and delivered the next morning, about 9 o'clock, too late for plaintiff to catch the

FOOTNOTE—On the question of loss of opportunity to respond to a call for professional services as a ground for action against telegraph company, see note in 14 L. R. A. (N. S.) 533.

last train leaving Edgefield that day at 9 :10 o'clock a. m. for Columbia. Mr. Talbert had been a candidate in the Democratic primary election, held in the latter part of August, for the purpose of nominating a candidate of the party for the office of United States Senator, and desired to contest the election before the State executive committee, which met at Columbia, on September 4th. The damage alleged was the loss of the fee which plaintiff would have been entitled to charge for his professional services in representing Mr. Talbert before the executive committee.

The defendant demurred to the complaint for insufficiency, on the ground that the damages sued for are special, and there is no allegation that, when the contract was made, defendant knew the special circumstances out of which such damages would result, if the telegram was not promptly delivered. We have frequently held that to recover special damages, arising out of breach of contract, it is necessary to allege and prove that, when the contract was made, defendant knew the peculiar circumstances which would give rise to such damages, in case of a breach thereof.

The complaint is sufficient if it alleges knowledge of facts and circumstances from which a person of ordinary intelligence and prudence should have known that such damages would result from delay in delivering the message, for facts are well pleaded which may, by reasonable intendment, be inferred from the facts and circumstances directly alleged. Therefore, in determining the sufficiency of the allegations of the complaint in which the telegram is set out in full, we may consider the information which the telegram itself afforded, when read in the light of the attendant circumstances known to defendant, and also alleged in the complaint.

The complaint alleges that plaintiff is and, at the time in question, was an attorney at law, engaged in the practice of his profession, at Edgefield, and that he was well known to

the agents of defendant. The allegation of this knowledge in connection with that afforded by the message is a sufficient allegation, at least by intendment, that defendant knew that Mr. Talbert's purpose was to engage the professional services of plaintiff. The law supplied an obligation on the part of Mr. Talbert to pay the plaintiff a reasonable fee for his services. The natural and reasonable inferences from these circumstances would be that delay in transmission and delivery of the message, which would prevent plaintiff from getting to Columbia in time to appear before the executive committee, might result in such damages to him as he has sued for.

Moreover, in the sixth paragraph of the complaint, it is alleged "that the defendant, its agents and servants, had full knowledge of the importance of said message, and of the importance and necessity for the prompt transmission and delivery of the same." While it is true that this is not an allegation, in so many words, that defendant knew the particular circumstances from which the special damages sued for would result, in case of delay, yet such knowledge may well be inferred from "knowledge of the importance of said message, and of the importance and necessity for the prompt transmission and delivery of the same." It must not be overlooked that the demurrer admits every fact alleged in the complaint, as well as every fact which may be reasonably inferred from those directly alleged.

The case of *Mood* v. *Telegraph Co.,* 40 S. C. 524, 19 S. E. 67, was relied upon by the Circuit Court as authority for sustaining the demurrer. In that case this telegram was sent to Dr. Mood: "Come to Remini soon as possible. Man cut and shot." A demurrer to the complaint, in an action to recover for the loss of a fee for professional services caused by delay in delivering the message, was sustained on the ground that there was no allegation that the defendant had notice of the damages that would result to the plaintiff, if the message was not promptly delivered, and also because

there was no allegation that the plaintiff was ready and willing to perform the services requested of him. It will be observed that, in that case, there was this additional ground upon which the demurrer was sustained. In this case, however, it is alleged that the plaintiff could and would have performed the services required, if the message had been delivered in time. Upon the question of the sufficiency of the allegation of notice, it does not appear that the Court was asked to consider, or that it did consider, the question whether the allegation in the complaint of such a telegram, addressed to a doctor, was not a sufficient allegation, at least by intendment, that defendant knew that special damages would result to the addressee from delay in delivering it. The principal question at issue in that case appears to have been whether the damages sued for were special or general, and to the decision of that question the mind of the Court was chiefly directed. It was held that they were special, and that, to recover such damages for breach of contract, it must be alleged and proved that, at the time of making the contract, the defendant knew the particular circumstances out of which such damages would result in case of a breach thereof. This ruling has been adhered to ever since. But, as we have already said, the Court was not called upon to decide, and did not decide, what effect should be given to the setting out in the complaint of the telegram, and of the indirect allegation thereby of the knowledge which it conveyed. If it is to be inferred that the fact that the message alleged was addressed to a doctor, coupled with the information which it carried upon its face, was not a sufficient allegation of notice to the telegraph company that delay in delivering the message might result in damages by way of the loss of fees for professional services, the decision is to that extent erroneous, and is not to be followed.

If it be said that the allegation of the telegram is not the allegation of the notice, which its contents may impart, but merely the allegation of the evidence by which such notice

may be proved, then the answer is that the difference is technical rather than substantial. It would have been more technically correct for the plaintiff to have alleged the facts and circumstances out of which the damages sued for arose, and that defendant knew of those facts and circumstances when it made the contract. But the defendant cannot complain at this fault in the plaintiff's pleading, whereby the evidence to prove the fact of notice is set out instead of the bare allegation of notice, because it has not been prejudiced thereby.

Judgment reversed.

Mr. Justice Gage did not sit in this case.