LESTER RAYNOR AND L. F. EDENS, ON BEHALF OF THEMSELVES AND ALL
    OTHERS HAVING AN INTEREST IN THE EDENS COMMUNITY CEMETERY
    OR BURIAL GROUND, v. S. A. OTTOWAY.

(Filed 9 November, 1949.)

**1. Highways § 11—**

Where it is controverted whether the road in question was used per-
missively as a way to a private cemetery or whether it was used by the
public under claim of right to a community cemetery, petitioners are not
entitled to have it adjudicated a neighborhood public road solely upon a
finding by the jury that it was constructed or reconstructed with employ-
ment relief funds under the supervision of the Department of Public
Welfare.   G.S. 136-67.

**2. Same—**

Testimony that relief funds were used under authorization of the Depart-
ment of Public Welfare on a cemetery project, and that the supervisor in
charge of the work, upon suggestion of an interested worker, had the
workers improve the road to the cemetery, *is held* insufficient to establish
that the reconstruction of the road was authorized or directed by the
Department of Public Welfare within the meaning of G.S. 136-67.

**3. Same—**

Evidence of the prescriptive use of a road across defendant's land under
claim of right entitles petitioners to go to the jury in a proceeding to
establish the way as a neighborhood public road.

APPEAL by respondent from *Edmundson, Special Judge,* May-June
Term, 1949, ONSLOW.   New trial.

Petition to have a cartway declared a neighborhood public road.

A burial ground known as Edens Cemetery is located on the land now
owned by respondent.   A cartway leading from the public road to the
cemetery has been in existence for many years, perhaps a hundred.
Defendant built a fence across the road, thereby blocking it.   Thereupon,
the petitioners instituted this action.

They allege that the cemetery is a community burial ground and the
cartway is and has been for many years a neighborhood driveway; that
both have been generally used by the community; and that in 1933 or
1934 the cartway was repaired and reconstructed with unemployment
relief funds under the supervision of the superintendent of public welfare.
They pray that the cartway be adjudged a neighborhood public road to
remain open and unobstructed at all times for the use of the community
in traveling to and from the cemetery.

The defendant, answering, admits that he has built a fence across said
cartway to prevent the use thereof and alleges that there are other ways
to the cemetery.   He asserts further that the cemetery is a private, family

burial ground in which members of his family have been interred, from time to time, for several generations, and that the cartway is a private way over his land to said burial ground.

During the trial the court announced there was only one issue to be submitted to the jury, to wit:

"Has the road in question been laid out, constructed or reconstructed with unemployment relief funds under the supervision of the Department of Public Welfare?"

The jury answered the issue in the affirmative. From judgment thereon as appears of record, the respondent appealed.

*Warlick & Ellis for petitioner appellees.*

*W. K. Rhodes, Jr., for respondent appellant.*

BARNHILL, J.   The verdict of the jury is not sufficient to support the judgment.

The Edens Cemetery is on the land of defendant. There is testimony tending to show that it is a private burial ground and that the cartway from the public road to the cemetery is a private way used at times by the community, with the consent of respondent, and that such use is not, and has never been, hostile to respondent or his predecessors in title. Thus it appears that the nature both of the burial ground and the pathway was at issue.

The statute (G.S. 136-67) does not contemplate that a private way shall be converted into a neighborhood public road by the mere use of relief funds in its reconstruction.

The Act, c. 183, P.L. 1941, now G.S. 136-67, constitutes a legislative definition of neighborhood public roads and reads as follows:

"All those portions of the public road system of the State which have not been taken over and placed under maintenance or which have been abandoned by the State Highway and Public Works Commission, but which remain open and in general use by the public, and all those roads that have been laid out, constructed, or reconstructed with unemployment relief funds under the supervision of the Department of Public Welfare, and all other roads or streets or portions of roads or streets whatsoever outside of the boundaries of any incorporated city . . . which serve a public use . . . are hereby declared to be neighborhood public roads . . .: *Provided, that this definition of neighborhood public roads shall not be construed to embrace any street, road or driveway that serves an essentially private use.*"   (Italics supplied.)

While the cartway across defendant's land to the burial ground has been used for many years, it has not been judicially determined whether this was by permission of the owner or under claim of right such as would

create an easement. Nor has it been determined that the burial ground is a community and not a private cemetery.

In the absence of a finding that the cartway serves a public rather than a private use—that it is a neighborhood way to community cemetery and not a private way to a family burial ground—the judgment cannot be sustained.

Furthermore, it is not made to appear that the way was reconstructed with unemployment relief funds under the supervision of the department of public welfare.

The director of the Emergency Relief Association of the county who had control of relief funds was a witness for the plaintiffs. He testified that there was a relief project known as Edens Cemetery project, that there was no road project and no road was mentioned when the work on the cemetery was authorized. While the men were working on the cemetery, the overseer or supervisor in charge of the laborers, one of the petitioners here, asked the defendant: "How about taking them men and cleaning out the ditch bank and throwing the dirt up in the road and building up the road?" The defendant assented and the suggested work was done. The workmen were paid out of relief funds. Thus the repair of the road was incidental to the cemetery project. Use of the funds for that purpose was not authorized or directed by the Department of Public Welfare, but they were expended in the discretion of the party in charge of the workmen. This falls short of proof that the road was reconstructed under the supervision of the Department of Public Welfare.

There is, however, evidence of prescriptive use of the road across the defendant's land. The petitioners, if they are the parties interested, are entitled to have this view of the case submitted to the jury. To that end the cause is remanded for a

New trial.