THOMAS B. WOODY, DALLAS RAMSEY, RALPH RAMSEY, J. C. GAL-
BREATH, LOUISE AND TOM OLIVER, JUNIUS DUNN, FRANK JOHN-
SON, AUBREY BARNETT, AND THE BOARD OF EDUCATION OF
PERSON COUNTY, NORTH CAROLINA, PETITIONERS, v. HUBERT H.
BARNETT AND WIFE, BESSIE BARNETT, AND JAMES GARLAND BAR-
NETT, DEFENDANTS.

(Filed 29 January, 1954.)

**1. Appeal and Error § 40d: Trial § 54—**

Where the parties waive trial by jury, the findings of fact of the trial court have the force and effect of a verdict by a jury, and are conclusive on appeal if there be competent evidence to support such findings.

**2. Highways § 11—**

Where an action to have a portion of abandoned highway adjudged to be a neighborhood public road under G.S. 136-67 is submitted to the court under agreement of the parties, findings of fact by the court, supported by evidence, to the effect that the abandoned road was not necessary for ingress or egress to any dwelling, there having been by-roads constructed giving access to the dwelling in question and connecting the schools involved, and that the abandoned road had not remained open and in general use by the public, *held* to support the judgment dismissing the action.

**3. Appeal and Error § 38—**

The burden is on appellants to show error.

APPEAL by petitioners from *Hatch, Special Judge,* April Term, 1953, of PERSON. Affirmed.

This was an action by the petitioners to have a portion of an abandoned road adjudged to be a neighborhood road as provided by G.S. 136-67.

In improving State Highway #57 (now 157) the highway was straightened so as to eliminate a curve in the old road. The segment thus abandoned is 1,752 feet in length and is partly within and partly without the corporate limits of Roxboro. The petitioners allege they own property and dwelling houses fronting on the old road which afforded them a necessary means of ingress and egress, and that the defendants have declared their intention of closing the portion of this old road where it crosses their land. Petitioners pray that this old road be judicially determined to be a neighborhood public road as defined by the statute G.S. 136-67.

The defendants deny the old road is a necessary means of ingress and egress with respect to any dwelling house fronting on said road, or that it has remained open and in general use, and they deny that petitioners, either in fact or in law, are entitled to the relief prayed for.

It was agreed that jury trial be waived and that the presiding judge should find the facts from the evidence and render final judgment thereon.

After hearing the evidence offered, the court found the facts and rendered judgment as follows:

"1. That prior to 1938 there was a public highway leading from the City of Roxboro to Hurdle Mills; that during the said year of 1938, the North Carolina State Highway & Public Works Commission relocated a portion of said road beginning at a point near the Person County Negro Training School in the City of Roxboro and continuing in a southwesterly direction in a straight line, thereby abandoning that portion of the old Roxboro-Hurdle Mills Road which begun at or near said Person County Negro Training School and continued southwesterly in a circular direction for approximately 1,752 feet where the said old abandoned road re-entered the said highway. The new highway was at that time No. 57 and later changed to No. 157.

"2. That at the time said portion of the old public dirt road from Roxboro to Hurdle Mills was abandoned by the North Carolina State Highway & Public Works Commission there was no dwelling house facing on the east side of said abandoned road and only one unoccupied log house on the west side of said abandoned road.

"3. That the new Highway No. 57 was located so near the abandoned portion of the old road that all owners of land adjoining the abandoned road continued to own land adjoining the new Highway No. 57 and had access to said Highway No. 57 across their own property without the use of the abandoned road.

"4. That all of the petitioners herein have acquired title to their property, which adjoins said abandoned road, since September, 1943,—more than four years after said road was abandoned.

"5. That prior to the beginning of this action the Superintendent of the Person County Public Schools consulted with the Engineers of the North Carolina State Highway & Public Works Commission relative to rebuilding and improving the said old abandoned road and was informed by them that said abandoned road was in such condition that it was impractical to rebuild and improve same so that it could be used as a road over which the school buses of Person County could travel.

"6. That the said abandoned road has not remained open and in general use by the public since it was abandoned in 1938 and is not a necessary means for the ingress to and egress from any dwelling house.

"It is, therefore, upon motion of Davis & Davis and Gaither M. Beam, attorneys for defendants herein, ordered, adjudged and decreed:

"1. That the petition of the petitioners be, and the same is hereby denied.

"2. That the Court declares as a fact and as a matter of law that the abandoned road as described in Paragraph 1 of the petition herein has not remained open and in general use by the public and is not a neighborhood public road serving a public use and as necessary means of ingress to and egress from the dwelling house of one or more families in accordance with General Statutes 136-67, 136-68, 136-69, and 136-70, and is not necessary for a means of ingress and egress for any of the petitioners herein.

"3. That the cost of this action to be taxed by the Clerk of Superior Court be paid by the petitioners."

Petitioners excepted and appealed.

*Fuller, Reade & Fuller, R. B. Dawes, and T. B. Woody, Jr., for petitioners, appellants.*

*Davis & Davis for defendants, appellees.*

DEVIN, C. J. This case was here at Fall Term, 1951, and is reported in 235 N.C. 73, 68 S.E. 2d 810. Only preliminary questions of pleading were considered on that appeal. We have now before us the petitioners' appeal from a judgment rendered which is determinative of the merits of the action.

It is apparent that the rights of the parties with respect to the subject of the action are controlled by the statute now codified as G.S. 136-67, the material parts of which we quote: "All those portions of the public road system of the State which have not been taken over and placed under maintenance or which have been abandoned by the State Highway & Public Works Commission, but which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families . . . are hereby declared to be neighborhood public roads. . . ."

From the evidence offered the court found the facts above set out and thereupon rendered judgment dismissing the action. Jury trial having been expressly waived by the parties, in accord with the established rule, the findings of fact made by the trial judge have the force and effect of a verdict by a jury, and are conclusive on appeal if there be competent evidence to support such findings. *St. George v. Hanson, ante,* 259; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464.

The petitioners noted exception to findings of fact numbered 2, 3, 4, 5 and 6 on the ground that they were not supported by the evidence. We

have examined the evidence brought up in the record, to which those exceptions point, and are of opinion that none of the exceptions can be sustained.   There was evidence sufficient to justify the court in finding the determinative facts set out.

It was contended that the occupants of the dwelling house of Petitioner Ralph Ramsey, fronting on the east side of the old road, referred to in the second finding of fact, had no way of access to the new highway, but we think there was evidence that by roads constructed in connection with the new high school access to the highway was available to those occupying that house, and that the old road did not constitute a necessary means of access thereto.

Appellants also contended the court misunderstood the testimony of the School Superintendent as stated in the fifth finding of fact, but it is apparent, in any event, that there was evidence tending to show that the old road was not such as could be used by school buses, and that no effort was ever made to use it for this purpose outside the corporate limits of Roxboro.   Other roads were constructed and used connecting the two schools west of the old road.   The defendants were not interested in closing the segment of the old road which was within the town limits, but only claimed ownership of the land which reverted to them upon the abandonment by the State of its easement therein for public road purposes.

None of the exceptions noted and brought forward in petitioners' assignments of error can be upheld.   The burden was on them to show error.   There was no exception to any ruling of court with respect to the admission of testimony.   There was no request for additional findings.

We conclude that the court's findings of fact were supported by competent evidence and that they are sufficient to sustain the judgment based thereon.   *Mosteller v. R. R.*, 220 N.C. 275, 17 S.E. 2d 133; *Speight v. Anderson*, 226 N.C. 492, 39 S.E. 2d 371; *Raynor v. Ottoway*, 231 N.C. 99, 56 S.E. 2d 28.

Judgment affirmed.