LEVI LAWSON v. EDNA HANCOCK LAWSON.

(Filed 2 March, 1955.)

**Judgments § 27e—**

   Findings of the general county court on motion to set aside a judgment previously rendered by it that plaintiff had perpetrated a fraud upon the court in the service of process by publication *held* supported by competent evidence and to sustain the decree setting aside the judgment.

APPEAL by plaintiff from *Whitmire, Special Judge,* November Civil Term 1954 of BUNCOMBE.

Motion by defendant to set aside a decree of divorce *a vinculo* rendered in the General County Court of Buncombe on 13 April 1954, and heard on appeal in the Superior Court.

On 14 September 1954 this motion was heard in the General County Court, which found the following material facts: The plaintiff is a patient at a Veterans' Hospital in Buncombe County.   The defendant is

a nonresident of the State of North Carolina, and lives and resides at 925 North 34th Street, Richmond, Virginia. In 1951 the defendant instituted an action against the plaintiff in the Law and Equity Court, Part II, of the City of Richmond, Virginia, and the action is still pending. On 8 December 1953 plaintiff instituted an action for divorce against the defendant in this court, and service of process was attempted by publication. On 21 January 1954 defendant made a special appearance and motion to dismiss for lack of jurisdiction: the action was dismissed on 3 February 1954. The present action was instituted on 4 February 1954, and service of process was again attempted by publication. The Clerk of the Superior Court, *ex officio* Clerk of the General County Court, mailed a copy of the notice of service of publication on 3 February 1954 to the defendant at Adner Post Office, Gloucester County, Virginia, by ordinary mail—this was the address given by plaintiff in his affidavit for service of process by publication. The defendant did not receive the notice. The plaintiff knew that defendant did not live at Adner Post Office. The divorce decree was rendered on 13 April 1954. The defendant had no knowledge of the present action until she received a copy of this divorce decree in April 1954. The defendant has a good and meritorious defense. Upon the facts found the county court made the following conclusions of law: The provisions of G.S. 1-99.2 (5)c (*sic*) were not strictly complied with in that the notice of service of process by publication was mailed before the present action was pending; the defendant had no knowledge, actual or constructive, of the pendency of the action, until after the rendition of the judgment; that the plaintiff furnished the Clerk of the Court an address for the defendant which he knew was false, and this was a fraud upon the court; that the court had no jurisdiction; that the defendant has a good and meritorious defense, and has been guilty of no laches. Whereupon the county court vacated and set aside the divorce decree, and allowed the defendant 30 days in which to plead.

The plaintiff appealed to the Superior Court assigning as error that the findings of fact, particularly findings 4, 6, 8 and 9, are not supported by competent evidence, that the conclusions of law are not supported by the findings of fact, and the signing of the decree.

Upon Appeal in the Superior Court all of the plaintiff's assignments of error were overruled, and the judgment of the General County Court was affirmed.

Plaintiff excepted and appealed, and his assignments of error are substantially the same as those made on appeal to the Superior Court.

*S. Thomas Walton for Plaintiff, Appellant.*
*Meekins, Packer & Roberts for Defendant, Appellee.*

STATE *v.* BANKS.

PER CURIAM. A study of the evidence shows that the court's findings of fact are supported by competent evidence, and that they are sufficient to sustain the judgment based thereon. *Woody v. Barnett,* 239 N.C. 420, 79 S.E. 2d 789; *McLean v. McLean,* 233 N.C. 139, 63, S.E. 2d 138. It would seem that the exceptions to the findings of fact are too general and indefinite to bring up for review the findings of the court. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

The judgment of the Superior Court is
Affirmed.