FAY BIZZELL v. J. EUSTACE BIZZELL.

(Filed 31 January, 1958.)

**1. Accord and Satisfaction § 1—**

An accord and satisfaction is composed of two elements: the accord which is the agreement and the satisfaction which is the execution or performance of such agreement.

**2. Same—**

Where it is plain from a contract of accord and satisfaction tnat only the performance of the agreement should bar action on the original controversy, proof of such performance is necessary for final judgment sustaining the plea in bar.

**3. Appeal and Error § 3—**

An interlocutory judgment is not appealable unless it affects some substantial right which will be lost if not corrected prior to final judgment.

**4. Same—**

Where, in an action for an accounting, the defendant pleads an accord and satisfaction in bar of the action, judgment holding that there was an accord and continuing the cause to a subsequent term to determine whether defendant is able to and does fully perform the satisfaction, is an interlocutory judgment which does not affect any substantial right, and is not appealable.

**5. Appeal and Error §12—**

An attempted appeal from a nonappealable interlocutory order continuing the cause to a subsequent term does not deprive the superior court of jurisdiction to hear the cause at the later term.

**6. Appeal and Error § 49—**

Findings of fact which are supported by competent evidence are conclusive on appeal.

**7. Accord and Satisfaction § 1—**

Any new and valuable consideration is sufficient to support an agreement of accord and satisfaction, and therefore evidence tending to show that plaintiff was entitled to receive, under the agreement, an interest in realty free of any claim by defendant for a large sum of money furnished by defendant for the enlargement and modernization of the building thereon, is sufficient to support the finding by the court that the agreement was supported by valuable consideration regardless of evidence relating to other considerations furnished by defendant.

**8. Parties § 10—**

Where defendant pleads an accord and satisfaction in bar of plaintiff's action for an accounting, the refusal of the court to join other parties having an interest in the realty constituting part of the subject matter of the original controversy cannot be prejudicial to plaintiff, such additional parties not being necessary to the determination of the plea in bar.

**9. Appeal and Error § 47—**

Exception to the refusal of motion to strike certain allegations of a pleading cannot be sustained when appellant fails to show prejudice.

**10. Trial § 54—**

In a trial by the court under agreement of the parties, the rules of evidence are not so strictly enforced as in a trial by jury, the assumption being that the court will not consider incompetent testimony or be misled by that which is irrelevant and inconclusive.

**11. Appeal and Error § 49—**

Where there is sufficient competent evidence to support the court's findings of fact, and such findings are sufficient to support the court's conclusions of law, the court's interlocutory and final judgments entered in the cause will be affirmed, notwithstanding appellant's contention that the court also heard incompetent evidence, there being a rebuttable presumption that the court disregarded any incompetent evidence, and there being nothing in the record to rebut such presumption.

**12. Appeal and Error §39—**

Error will not be presumed, but the burden is upon appellant to show error amounting to the denial of some substantial right.

APPEAL by plaintiff from *Moore, Clifton L., J.,* May Term 1957 of WAYNE.

Civil action for an accounting for rents and profits, to recover such sum as may be found due as the result of the accounting, and to recover $24,000.00 from the proceeds of the sale of realty. Defendant in his answer and cross-action alleges that he is not indebted to plaintiff, and pleads as a bar to the action a contract of accord and satisfaction, and requests either specific performance of the contract or damages for its breach: defendant further alleges that if it should be found that he is indebted to plaintiff for rents and profits, then such indebtedness is barred by the three-year Statute of Limitations. Plaintiff in her reply alleges that she is not bound by the alleged contract of accord and satisfaction for the reason that defendant procured it from her by fraud, duress and undue influence, but if it should be found there was no fraud, duress or undue influence, then defendant has breached the contract of accord and satisfaction by nonperformance, and she further alleges that the contract of accord and satisfaction was without consideration. Plaintiff in her reply alleges two other defenses which would constitute no defense, and afford plaintiff no relief, if the judgment herein is sustained. Defendant filed a replication to the reply, and plaintiff filed a further reply to the replication. The pleadings, and the exhibits attached thereto, are voluminous covering some 104 pages in the Record, and contain allegations of various transactions and facts, which will necessitate a trial, if the purported contract of accord and satisfaction is not a bar to plaintiff's action.

This case came on to be heard at the March Civil Term 1957 of the Wayne County Superior Court. At a pre-trial conference

the court announced that the action involved a complicated accounting, title to most of the real estate involved, and a plea in bar of accord and satisfaction, and that only the plea in bar of accord and satisfaction would be tried at that term, and if the plea in bar were not sustained, the matter would be referred for determination of the other matters. Whereupon, plaintiff and defendant, and their respective counsel, agreed and announced that they waived a jury trial, and consented that the judge might hear the evidence, find the facts, and make his conclusions of law with respect to the plea in bar of accord and satisfaction, and enter judgment upon this phase of the case.

Whereupon, Judge Moore heard the plea of accord and satisfaction in bar of plaintiff's action upon evidence offered by plaintiff and defendant, and upon the stipulations and agreements of the parties and their respective counsel. Mrs. Louise B. Stengel, a sister of the parties, and Carey K. Bizzell, a brother of the parties, testified for the defendant. From the evidence, stipulations and agreements, Judge Moore found the following facts, and upon his findings of fact made conclusions of law, and entered judgment.

Plaintiff and defendant are sister and brother. It was not controverted that plaintiff is the owner in fee of an undivided interest in several lots of land in the main business district of Goldsboro. On many of these lots are business structures, which realty is of considerable value and produces considerable rents. The defendant claims an undivided interest in fee in this realty, which claim is denied by plaintiff. At the time of the institution of this action the fair market value of this realty was $350,000.00, and the gross annual rental income was approximately $30,000.00. One piece of this realty is known as 128, 130 and 132 North Center Street in Goldsboro, and is on the east side of that street, having a frontage thereon of 70 feet. On this piece of realty there has been constructed a modern store building occupied by McLellan's, which land and building have a fair market value in excess of $150,000.00.

The plaintiff has resided in Washington, D. C. since 1926, though she has frequently visited in Goldsboro. Plaintiff acquired an interest in a portion of the realty involved in this action through a deed from her mother, who died in 1929. Mary Bizzell and Eula Bizzell, sisters of the parties, also owned an interest in the property conveyed by their mother. After their mother's death they managed the property and collected the rents with the advice and assistance of their brother, the defendant. Carey K. Bizzell, a brother of the parties, also had an interest in the property. He was, and is, a nonresident of the State, and did not assist in the management of the property.

Another sister of the parties, Mrs. Louise B. Stengel, has never resided in the State of North Carolina. Mary Bizzell and Eula Bizzell died without issue. Eula Bizzell survived Mary Bizzell, and died in 1943. The defendant returned to North Carolina in 1942, and since then has lived in Goldsboro, and managed and supervised the property, and collected the rents.

Defendant, while he was assisting his sisters Mary and Eula Bizzell in the management of the property, and after he took over the complete management thereof in 1943, acquired additional properties, taking title to the same in the name of his sisters and brother, and also improved the buildings on the original realty and on the after acquired properties. Such improvements and purchases were made for the most part from rental income from the property, but the defendant furnished $70,000.00 for the construction of what is known as the Colonial Store on John Street, and also furnished a considerable portion of the $130,000.00 used in the enlargement and modernization of the building at 128, 130 and 132 North Center Street.

By reason of the use of the rental income to acquire other property, and to improve the structures on the property, little income was available for distribution to the owners of the realty. Since 1943 defendant has lived at the homeplace in Goldsboro without paying rent. Beginning in 1949 plaintiff received $75.00 per month from the rent income, which amount was later increased to $200.00.

About 1952 plaintiff became dissatisfied with the income she was paid from the property, and the accounting she was receiving as to the management thereof, and demanded a greater share of the income and a strict accounting of the management of the property. The defendant began to negotiate with plaintiff for a settlement of their respective interests and rights on some definite basis. In February 1954 plaintiff, defendant, and their brother Carey K. Bizzell met in Washington, D. C., but no settlement was arrived at.

In May 1954 plaintiff came to Goldsboro. Her brother Carey K. Bizzell was there. There was a conference between Carey K. Bizzell and plaintiff in which she agreed to the terms of a settlement between herself and the defendant. Plaintiff and defendant did not talk to each other, but acted through a third person. According to the agreement reached the defendant executed and delivered to plaintiff a promissory note for the payment to her of $250.00 a month so long as she lived. Plaintiff refused to accept the first draft of the note, and prepared in her own handwriting a form of note which she would accept, she being a licensed attorney. A note was typed from this form of note prepared by plaintiff, and was executed by the defendant, and de-

livered to plaintiff, and accepted by her. At the same time a contract in writing was prepared with reference to the real estate, and was executed by plaintiff, defendant and his wife, by Carey K. Bizzell and his wife, and Louise B. Stengel and her husband. A photostatic copy of this contract is attached to defendant's answer as Exhibit I, and by reference is made a part of the findings of fact. Before this contract was executed plaintiff in her own handwriting made certain minor alterations, and these alterations were initialled by the parties at the time of the execution of the contract. Plaintiff was the first person to execute the contract. At the same time defendant orally agreed with his sister Mrs. Louise B. Stengel that he would pay her $60,000.00 in installments with interest in lieu of her interests and rights in the property. All the parties agreed that the agreements entered into in May 1954 should be a complete settlement of all the controversies between them.

The contract made a part of the findings of fact is as follows:

"THIS AGREEMENT, made as of May 1, 1954, by and between J. E. Bizzell and wife, Harriet P. Bizzell, C. K. Bizzell and wife, Olga R. Bizzell, Louise B. Stengel and husband, Arthur Stengel, and Fay Bizzell, unmarried.

"WITNESSETH: That, in consideration of the sum of Ten Dollars ($10.00) and other valuable considerations each to the other in hand paid, receipt of which is hereby acknowledged, the parties hereto for themselves, their heirs, executors, administrators and assigns, hereby covenant and agree as follows:

"1. That J. E. Bizzell shall forthwith and without unreasonable delay acquire title to the property in Goldsboro, North Carolina, known as No. 128 East Center Street, North, and cause said property to be improved by constructing thereon a store building which is to be a part of and of the same type of construction and design as the adjoining property known as No. 130-132 East Center Street, North, all at his own expense.

"2. Upon the acquisition by J. E. Bizzell of the property at No. 128 East Center Street, North, above referred to, and the completion by him of the improvements on said property above provided for, J. E. Bizzell and wife, Harriet P. Bizzell, will convey said property to C. K. Bizzell and Fay Bizzell in fee simple as tenants in common free and clear of all liens and encumbrances except the lease to McLellan Stores.

"3. Upon the execution and delivery of the deed provided for in paragraph 2 hereof,

"(a)   J. E. Bizzell and his wife, Harriet P. Bizzell, and Louise B. Stengel and her husband, Arthur Stengel, will execute and deliver to C. K. Bizzell and Fay Bizzell a deed releasing to C. K. Bizzell and Fay Bizzell all of their rights, titles, interests and estates (in pen and ink—WHICH THEY MAY NOW HAVE)* in and to the property in Goldsboro, North Carolina, known as No. 130-132 East Center Street, North, and C. K. Bizzell and his wife, Olga R. Bizzell, and Fay Bizzell will then execute such deeds and other instruments as may be necessary to vest the title to said property in C. K. Bizzell and Fay Bizzell in fee simple as tenants in common;

"*The above portion in pen and ink appeared on the lefthand margin and is also signed—*Fay Bizzell, C. K. Bizzell, Olga B. Bizzell, Louise B. Stengel, Arthur Stengel, J. E. Bizzell and Harriet P. Bizzell.*

"(b)   C. K. Bizzell and his wife, Olga R. Bizzell, Louise B. Stengel and her husband, Arthur Stengel, and Fay Bizzell, will execute and deliver to J. E. Bizzell a deed or deeds conveying to J. E. Bizzell in fee simple all of the properties in Goldsboro, North Carolina, on the east side of John Street between Mulberry Street and Ashe Street, on the west side of John Street between Mulberry Street and Ashe Street, on the north side of Mulberry Street between John Street and William Street, and on the south side of Ashe Street between John Street and William Street which they, or any one or more of them (in pen and ink—MAY)* now own or in which they, or any one or more of them (in pen and ink—MAY)* now have any right, title, interest or estate.

"*The above portions 'may' appeared on the lefthand margin and is also signed by the parties (as above noted this page).

"4.   In lieu of the estimated rent to be received by C. K. Bizzell from his one-half undivided interest in said property at No. 128 East Center Street, North, J. E. Bizzell will pay to C. K. Bizzell the sum of Two Hundred and Fifty Dollars ($250.00) on the first day of each and every month beginning May 1, 1954, and continuing until the execution and delivery of the deed provided for in paragraph 2 hereof.

"5.   In lieu of the estimated rent to be received by Fay Bizzell from her one-half undivided interest in said property at No. 128 East Center Street, North, J. E. Bizzell will pay to Fay Bizzell the sum of Two Hundred and Fifty Dollars ($250.00) on the first day of each and every month beginning May 1, 1954, and continuing until the execution and delivery of the deed provided for in paragraph 2 hereof.

"6. Pending the exchange of deeds provided for in paragraph 3 hereof,

"(a) C. K. Bizzell and Fay Bizzell shall be entitled to all of the income from said property at No. 130-132 East Center Street, North, share and share alike, and shall be liable for all of the expenses in connection with said property, share and share alike; and

"(b) J. E. Bizzell shall be entitled to all of the income from the properties described in subparagraph (b) of paragraph 3 hereof and shall be liable for all of the expenses in connection with said properties.

"IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals as of the day and year first above written."

Then follow the signatures and seals of all the parties.

The monies advanced and expended by defendant, and his claims to an interest in the real estate constitute a sufficient consideration to support the contract of agreement.

Within a month after the making of the contract of agreement plaintiff repudiated it, claiming that is was procured by fraud, duress and undue influence, and has refused to perform any of its requirements on her part. The contract of agreement was not procured by fraud or duress or undue influence on the part of defendant, or of any of the parties thereto.

Defendant, in accordance with his agreement with Mrs. Louise B. Stengel, has executed and delivered to her a note for $60,000.00. Defendant, in accordance with his agreement with plaintiff, has made payments to her as required by his note executed and delivered to her in May 1954, and has also made payments to plaintiff as provided in the contract of agreement. Defendant has also executed and tendered to plaintiff a deed conveying to her the real estate provided for in the contract of agreement. The defendant has acquired title to the Grady tract of land (128 North Center Street) as he had obligated himself to do in the contract of agreement. Plaintiff has refused to accept the deed so tendered, and while she contends she would not accept it in any event, she contends further defendant has breached his contract for the reason that the tendered deed shows an encumbrance against the property in violation of the contract of agreement.

Among other things provided for in the contract of agreement defendant was to acquire title to 128 North Center Street, Goldsboro, and was to convey a one-half undivided interest therein, and a one-half undivided interest in 130 and 132 East Center Street to plaintiff, together with a one-half interest in

the lease of McLellan Stores, Inc., which is a valuable lease, and which guaranteed to plaintiff a minimum $9,000.00 per year net income, and there was to be no other encumbrance upon this property except the McLellan lease.                              ＼

At the time of the making of the contract of agreement, 128 North Center Street was owned by Mrs. Ella Grady, widow, for life, B. F. Grady, Jr. for life following the death of his mother, and then the contingent remaindermen under the will of B. F. Grady, Sr., who died in 1929. Defendant had acquired a lease for this property from the life tenants for forty years at a rental of $100.00 a month. In this lease was a provision that the lease should be owned by the title owner of the property. In 1955 Mrs. Ella Grady conveyed her life estate to B. F. Grady, Jr. During the same month a special proceeding was brought to sell the life estate and contingent remainders at a private sale to defendant. The order of sale and decree of confirmation provided for a sale of all rights, title and interest to said property. The commissioners appointed to make the sale executed and delivered a deed to defendant therefor, but following the description in the deed there is a provision that it should be subject to the lease from Ella Grady and B. F. Grady, Jr. to defendant, Carey K. Bizzell and plaintiff. This provision does not appear in the granting clause or in the *habendum* clause, and was inserted in the deed because Carey K. Bizzell and plaintiff were not parties to the special proceeding.

In the deed tendered by defendant to plaintiff under the provisions of the contract of agreement, it was provided in the *habendum* clause that the conveyance should be subject to the Grady lease, and reference to the lease was made in the warranty clause.

Defendant insisted at the trial that the insertion of the provision in the tendered deed referring to the Grady lease was not an encumbrance, and he sought thereby only to convey his interest therein. But defendant asserted that, if the court should find this provision to be an encumbrance, he was ready, able and willing, and would tender a deed free of the encumbrance, and in strict keeping with the contract of agreement.

Based upon his findings of fact Judge Moore made the following conclusions of law:

The oral agreements, the promissory note, and the written contract executed in May 1954 is an accord and agreement for settlement of the differences and controversies between the parties.

Defendant has performed the contract and agreements on his part in accordance with the provisions thereof, except as hereinafter stated in a further conclusion.

Defendant owns 128 North Center Street property free and discharged of any encumbrance thereon, except the McLellan lease, and particularly free and discharged from any encumbrance by reason of the Grady lease, except any interest in the Grady lease that may be owned by Carey K. Bizzell and Fay Bizzell (that is, the defendant owns all interest in the Grady lease, except the rights of Carey K. Bizzell and plaintiff thereunder).

The deed tendered plaintiff by defendant under the provisions of the contract of agreement of May 1954, whether intended or not, makes the Grady lease an encumbrance upon the property, and to this extent the defendant has failed to perform the contract of agreement of May 1954 on his part.

Inasmuch as the plaintiff has refused under any circumstances to perform on her part under the contract of agreement of May 1954, and inasmuch as defendant asserts he is ready, willing and able to perform on his part the contract, this court is of opinion the cause should be retained on the docket for further hearing at a subsequent term that it may be determined whether defendant can and will tender a proper deed to plaintiff according to the contract of agreement.

Whereupon, Judge Moore ordered, adjudged and decreed as follows:

The written contract, the promissory note from defendant to plaintiff and the oral agreements with respect thereto constitute an accord and satisfaction for settlement of all controversies and differences between the parties arising in this action, and when the provisions thereof are properly performed shall constitute a satisfaction of said controversies and differences.

This cause is retained upon the civil issue docket for further hearing by the court at a subsequent term to determine whether defendant is able to and does fully perform the contract and agreements on his part. If at a subsequent hearing it is found by the court the defendant cannot perform, or is unwilling to do so, then the case shall proceed for an accounting between the parties and for a determination of the other issues raised by the pleadings not under consideration at this time.

If at the subsequent hearing it is determined by the court the defendant is able to, and has performed on his part, in accordance with the contract of agreement, then he shall be put to his election as to whether he shall demand specific performance on plaintiff's part, or shall proceed for damages because of plaintiff's breach of the contract of agreement, and her refusal to perform.

The matter of costs is retained for determination at a future hearing.

Plaintiff excepted to the findings of fact, conclusions of law, and the signing of the judgment, and appealed to the Supreme Court.

This case came on again to be heard by Judge Moore at the May Term 1957 of the Wayne County Superior Court, when Judge Moore entered a final judgment. In this judgment Judge Moore after reciting in his final judgment the proceedings at the March Term 1957, and that the case was retained on the civil issue docket until a subsequent term in order that the court might render a final judgment, and that plaintiff was present with her attorneys James Keel and Henry Godwin, and defendant was present with his counsel J. Faison Thomson & Son, and after stating that defendant offered evidence, found the following facts:

Defendant has tendered to plaintiff, and upon her refusal to accept, has deposited with the court the following sums of money:

(a) $7,400.00, which represents the total amount of the monthly installments of $200.00 a month, extending up to and including May 1957, as provided by a note dated 1 May 1954, executed and delivered by defendant and payable to plaintiff.

(b) $9,250.00, which represents the total amount of the monthly installments of $250.00 due as rents to plaintiff for the property situate at 128 East Center Street, North, Goldsboro. Upon delivery of this money to plaintiff, the court orders and directs that the plaintiff transfer and assign to defendant all claims for rent due by McLellan Stores, Inc., from 1 February 1955 to 31 May 1957 on 128 East Center Street, North, the total amount due by McLellan Stores, Inc., for such rent is $7,000.00, which is to be paid and retained by defendant.

(c) $333.34, which represents one-half of the installments paid to defendant as rents for the months of May and June 1954 by McLellan Stores, Inc.

The court further finds as a fact that defendant has tendered to plaintiff, and deposited in court the following deeds:

(1) Deed from defendant and his wife to plaintiff, which conveys a one-half undivided interest in the property known as 128 East Center Street, North, Goldsboro.

(2) Deed from defendant and his wife, Louise B. Stengel and husband, to plaintiff and Carey K. Bizzell, conveying to plaintiff and Carey K. Bizzell all their rights, title and interest in, and to the property known as 130 and 132 East Center Street, North, Goldsboro.

(3) Deed from Carey K. Bizzell and wife, Louise B. Stengel and husband, and plaintiff to defendant. Carey K. Bizzell and wife, and Louise B. Stengel and husband have executed and

delivered this deed, and it has been recorded. Plaintiff has not executed and delivered this deed.

Defendant has complied with the terms of the contract of agreement of 1 May 1954, and is ready, willing and able to comply with its terms in all respects. Defendant has elected to require plaintiff to specifically perform the terms of the contract of agreement, and to convey to him in fee simple all the properties in Goldsboro described as follows:

"'On the east side of John Street, between Mulberry Street and Ashe Streets; on the west side of John Street, between Mulberry Street and Ashe Street; on the north side of Mulberry Street, between John Street and William Street; and on the south side of Ashe Street, between John Street and William Street, in which Fay Bizzell held an interest on May 1, 1954.'"

All matters in controversy between plaintiff and defendant were agreed to be, and were settled, as of 1 May 1954, which contract was partly in writing and partly oral.

Whereupon, Judge Moore ordered and decreed that plaintiff shall execute and acknowledge the execution of the deed from Carey K. Bizzell and wife, and Louise B. Stengel and husband, as filed in the office of the Clerk of the Superior Court of Wayne County, and deliver the same to defendant on or before 20 May 1957; and that in the event plaintiff fails to execute and deliver this deed to defendant, this judgment shall have the legal effect of transferring to defendant the legal title to such property in accord with G.S. 1-227 and G.S. 1-228, and this judgment shall be regarded as a deed of conveyance, and defendant shall hold the legal title to the property in the same condition and estate as though plaintiff had executed the deed, and this judgment shall bind plaintiff and entitle defendant in the same manner, and to the same extent as a conveyance would if executed by plaintiff according to this judgment. Judge Moore further ordered and decreed that upon failure of *defendant* (it is plain that this is a clerical error, and that Judge Moore meant plaintiff) to comply herewith, then this judgment conveying the property heretofore described in this judgment (the judgment describes it again) shall be recorded as a deed and registered as provided in G.S. 1-228, and the Register of Deeds of Wayne County shall index and cross-index the judgment, showing plaintiff as grantor and defendant as grantee.

The plaintiff is taxed with the costs.

Plaintiff excepted to the signing of the judgment and appealed.

*N. H. Godwin and Bryant, Lipton, Strayhorn & Bryant for Plaintiff, Appellant.*

*J. Faison Thomson & Son for Defendant, Appellee.*

PARKER, J. Plaintiff's assignment of error No. 32 is based upon his exceptions 33 through 40, both inclusive. Each of these exceptions relate to the admission of evidence by the court at the May Term 1957 in respect to defendant's tender of monies and deeds to plaintiff to show full performance on his part of the agreement of 1 May 1954, copied in full above. Plaintiff contends that she appealed to the Supreme Court from the judgment rendered at the March Term 1957, and while such appeal was pending in the Supreme Court, the Superior Court of Wayne County was *functus officio*, and could hear no evidence, and enter no judgment as to defendant's plea in bar of accord and satisfaction at the May Term 1957.

A technical question might be raised as to whether defendant's plea in bar is one of accord and satisfaction, or one of compromise and settlement. However, this question is not raised by the briefs of counsel, and the case was heard on the theory that the plea in bar was one of accord and satisfaction. Plaintiff's action is for an accounting for rents and profits, and to recover $24,000.00 from the proceeds of the sale of realty: it is not an action seeking recovery of a freehold or inheritance. "Some confusion arises in the use of the terms 'accord and satisfaction,' 'compromise and settlement,' and 'release,' for in the practical situations out of which the cases arise these concepts coalesce. . . . There has generally been an interchangeable use of the terms 'accord and satisfaction' and 'compromise and settlement.' The view has been taken that any distinction between the two is unimportant where the agreement is executory, since, like satisfaction to an accord, in order to be a defense to an action on the original claim, a compromise must be followed by a settlement in the sense of payment; but the better rule, and the one which gives force to the distinction between these subjects, is that although performance is necessary to a complete accord and satisfaction, this is not essential to a valid compromise. Moreover, a compromise must be based upon a disputed claim, while an accord and satisfaction may be based upon an undisputed or liquidated claim." 11 Am. Jur., Compromise and Settlement, p. 247. Following the theory of the trial below, *Lyda v. Marion*, 239 N.C. 265, 79 S.E. 2d 726, we shall consider the plea in bar as one of accord and satisfaction. To call it a compromise and settlement would be of no practical benefit to plaintiff.

The accord is the agreement, and the satisfaction is the execution or performance of such agreement. *Dobias v. White,*

239 N.C. 409, 80 S.E. 2d 23. In the agreement entered into by and between defendant and his wife, C. K. Bizzell and wife, Louise B. Stengel and husband, and plaintiff, dated 1 May 1954, it is plain that the parties thereto agreed that it is only the performance of that agreement that shall have the effect of an accord and satisfaction. Therefore, if defendant could not prove that he had fully performed the agreement, his plea in bar of accord and satisfaction would constitute no defense, and would not bar plaintiff's action.

Judge Moore heard only one phase of this case: defendant's plea of accord and satisfaction as a bar to plaintiff's action. His judgment at the March Term 1957 was not a final judgment disposing of the case and leaving nothing to be judicially determined between plaintiff and defendant in the trial court, because he left the matter open to be heard at a subsequent term as to whether the defendant could show that he had fully performed the agreement. Until that was determined no final judgment on defendant's plea in bar of accord and satisfaction could be rendered. His judgment entered at the March Term 1957 was interlocutory, because it was a judgment made during the pendency of the plea in bar of accord and satisfaction, which did not dispose of the plea, but left it for further action by the trial court in order to hear and determine such plea by a final judgment. *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377, where this subject is fully discussed with citation of authority. In that case *Ervin, J.,* said for the court: "An appeal lies to the Supreme Court from a final judgment of the Superior Court. Citing authority. An appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." The exception has no application here. "As a rule orders and judgments which are not final in their nature, but leave something more to be done with the case, are not immediately reviewable. The remedy is to note an exception at the time, to be considered on appeal from the final judgment." McIntosh, N. C. Practice and Procedure, Second Ed., Vol. 2, p. 207.

The appeal, or attempted appeal, by plaintiff to the Supreme Court from the nonappealable interlocutory judgment rendered by Judge Moore at the March Term 1957 was a nullity, and did not deprive the Superior Court of Wayne County of jurisdiction at a subsequent term to hear evidence on defendant's plea in bar of accord and satisfaction as to the full performance of the agreement by defendant, and then to enter final judgment

as to such plea in bar. *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879. Plaintiff's assignment of error No. 32 is overruled.

The decisions cited by plaintiff in her brief, wherein the lower court became *functus officio* pending appeal, are readily distinguishable.

Plaintiff assigns as error Judge Moore's finding of fact that the defendant himself furnished $70,000.00 for the construction of what is known as the Colonial Store on John Street, and that he furnished a considerable portion of the $130,000.00 used in the enlargement and modernization of the building at 128, 130 and 132 North Center Street on the ground that such finding of fact is not supported by the evidence. She further assigns as error the judge's conclusion of law based thereon that the monies advanced and expended by defendant and his claim to an interest in real estate constitutes a sufficient consideration to support the agreement of 1 May 1954. Plaintiff further assigns as error that the judge found as a fact that all matters in controversy between the plaintiff and the defendant were settled as of 1 May 1954, which contract was partly in writing and partly by parol, and also assigns as error the judge's finding of fact that the defendant has complied with the terms of the agreement in all respects. Plaintiff contends in his brief that "the findings of fact are not based upon the greater weight of the evidence," and that the accord and satisfaction here is not based upon any consideration, and has not been performed by defendant. Suffice it to say that the above findings of fact are supported by competent evidence, and are conclusive on appeal, and Judge Moore's finding of fact supports his conclusion of law that there was a consideration for the accord and satisfaction. *Reid v. Johnston,* 241 N.C. 201, 85 S.E. 2d 114; *Trust Co. v. Finance Corp.,* 238 N.C. 478, 78 S.E. 2d 327; *Fish v. Hanson,* 223 N.C. 143, 25 S.E. 2d 461. "Any new consideration, though insignificant or technical merely, is sufficient consideration for a contract of accord and satisfaction, provided it is valuable." 1 Am. Jur., Accord and Satisfaction, p. 236. "The consideration may present itself in any of numerous different shapes or guises, but in some form or other it must be present—there must be either some advantage, or presumed or assumed advantage, accruing to party who yields his claim, or some detriment to the other party. This is all that the law requires by way of consideration. . . ." 1 C.J.S., Accord and Satisfaction, Sec. 4. Since the agreement of 1 May 1954 entitles plaintiff to receive a one-half undivided interest in the property known as No. 130-132 East Center Street, North, in Goldsboro, free from the interest defendant has in it for furnishing a considerable portion of the $130,000.00 used in the enlargement and modernization of the building at 128, 130 and

132 East Center Street, North, in Goldsboro, that alone without considering the other evidence, supports the agreement for the accord by a valuable consideration. These assignments of error are overruled.

Plaintiff assigns as error No. 2, that the Judge presiding at the February Term 1957 of Wayne County Superior Court refused her motion to make Carey K. Bizzell and wife, Louise B. Stengel and husband, and defendant's wife parties to the action. Plaintiff contends this was error, for the reason that their title to real estate was being attacked in the action. Judge Moore, during the hearing of defendant's plea of accord and satisfaction in bar of plaintiff's action, told plaintiff's then lawyer, Mr. Keel, "I am not passing on the title." Whether these persons should be made parties, if defendant's plea in bar of accord and satisfaction had been overruled, is not before us for decision. Certainly, the failure to make these persons parties is not prejudicial to plaintiff, and they are not necessary parties, in the determination of defendant's plea in bar of accord and satisfaction. This assignment of error is overruled.

The plaintiff assigns as error No. 1 the denial of her motion to strike certain parts of defendant's answer and cross-action. These are allegations, which in a large measure state facts not relevant to a hearing and determination of defendant's plea in bar of accord and satisfaction. Plaintiff has not shown that she was prejudiced by the refusal to strike these allegations so far as this appeal is concerned, and such assignment of error is overruled.

Plaintiff has numerous assignments of error as to the admission and exclusion of evidence over her objection and exception. Judge Moore allowed counsel on both sides wide latitude in the offering of evidence. When the parties waived a jury trial, Judge Moore occupied a dual position: he was the judge required to lay down correctly the guiding principles of law, and he was also the tribunal compelled to find the facts. In such a trial the rules of evidence as to the admission and exclusion of evidence are not so strictly enforced as in a jury trial. *Reid v. Johnston, supra; Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E. 2d 749; *Cameron v. Cameron*, 232 N.C. 686, 61 S.E. 2d 913; McIntosh, N. C. Practice and Procedure, Second Ed., Vol. I, p. 759; 89 C.J.S., Trial, Sec. 589.

In Annotated Cases 1917C p. 660 *et seq.*, there is a note entitled "Effect of Admission of Incompetent Evidence in Trial before Court without Jury," where the cases are collected from a large number of states and from the Federal courts. In this note it is stated: "The general rule deducible from the cases appears to be that where a case has been tried before the court

BIZZELL *v.* BIZZELL.

without a jury the admission of incompetent evidence is ordinarily deemed to have been harmless unless it affirmatively appears that the action of the court was influenced thereby. In other words it is presumed that incompetent evidence was disregarded by the court in making up its decision." In support of the text decisions are cited from 23 States, the Federal courts, and the District of Columbia. In the same note it is said: "In reviewing a trial before the court without a jury it will be presumed that incompetent evidence was disregarded and the issue determined only from a consideration of competent evidence, and accordingly the admission of the incompetent evidence does not constitute reversible error." To support the text cases are cited from 22 States and cases from the Federal courts. In the note it is also said: "In a trial before the court without a jury if there is sufficient competent evidence supporting the judgment or finding, the admission of incompetent evidence does not constitute reversible error." Cases are cited in support of the text from 32 States, and cases from the Federal courts. These statements are subject to qualifications, which are not applicable to the instant case. See 53 Am. Jur., Trial, Sec. 1125, and also *Birmingham v. State,* 228 Wis. 448, 279 N.W. 15, 116 A.L.R. 554, and annotation to that case in A.L.R. as to the reception of incompetent evidence in criminal cases tried by court without a jury. In this annotation it is said there is a presumption in the Federal courts and in several state courts that where the court sits without a jury in a criminal prosecution, it acts only on the basis of proper evidence, and the cases are cited.

In 89 C.J.S., Trial, p. 374, it is written:

"Since the rules of exclusion in the law of evidence as applied in a court of law are largely a result of the jury system, the purpose of which is to keep from the jury all irrelevant and collateral matters which might tend to confuse them or mislead them from a consideration of the real question involved, when an action is to the court sitting without a jury the rules of exclusion are less strictly enforced, the assumption being that the court will not be confused or misled by that which is irrelevant and inconclusive."

The learned trial judge was well able to weigh the evidence, and to disregard the incompetent evidence. There is nothing in the record to show that, if incompetent evidence were admitted, it influenced his findings of fact, and his interlocutory and final judgments in any way. In the record there is competent evidence to support his findings of fact, and such findings of fact are sufficient to support his conclusions of law and his interlocutory and final judgments based thereon. *Reid v. John-*

*ston, supra; Woody v. Barnett,* 239 N.C. 420, 79 S.E. 2d 789. In addition, from the record before us there is a rebuttable presumption that Judge Moore disregarded any incompetent evidence, if there were such, and made his findings of fact and rendered his interlocutory and final judgments on competent evidence, and there is nothing in the record to rebut such presumption. All assignments of error as to the admission and exclusion of evidence have been examined, and are overruled.

All plaintiff's assignments of error have received proper consideration by the court, and all are overruled.

On appeal error will not be presumed. *Beaman v. R.R.,* 238 N.C. 418, 78 S.E. 2d 182. Technical error is not sufficient. The burden is on the appellant to show prejudicial error amounting to the denial of some substantial right. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 657; *Beaman v. R.R., supra.* This, plaintiff has not done.

The clerical error in the final judgment, where the word defendant is used instead of plaintiff, as set forth in the statement of facts, will be corrected by the Wayne County Superior Court, when this opinion is certified down.

The interlocutory and final judgments entered below are Affirmed.