RICHARD ZANONE, Plaintiff-Appellant v. RJR NABISCO, INC., Defendant-Appellee

No. COA95-65

(Filed 21 November 1995)

### 1. Accord and Satisfaction § 8 (NCI4th)— objection to amount of check—check cashed—sufficiency of evidence of accord and satisfaction

Cashing a check known to be offered as an accord and satisfaction establishes, as a matter of law, that the payee intended to accept the offer even though he previously voiced reservations about the amount of the settlement; in this case, defendant's letter clearly established that it intended the check to be full and final payment of the disputed debt, and, although plaintiff registered his objection to defendant's proffered amount, he had no further communication with defendant concerning the disputed debt prior to cashing defendant's check.

**Am Jur 2d, Accord and Satisfaction §§ 18-23, 26, 27.**

**Modern status of rule that acceptance of check purporting to be final settlement of disputed amount constitutes accord and satisfaction. 42 ALR4th 12.**

**2. Fraud, Deceit, and Misrepresentation § 38 (NCI4th)— representations by former employer—insufficiency of evidence of fraud**

The evidence was insufficient to support plaintiff's fraud claim arising out of defendant employer's moving and relocation policy designed to ease financial burdens on employees affected by the move of corporate headquarters where plaintiff's own admissions indicated that he had numerous conversations with defendant about the policy, believed that defendant's employee made every effort to respond to his questions, and thought that any confusion was probably a result of his failure to ask the right questions.

**Am Jur 2d, Fraud and Deceit §§ 437 et seq.**

Appeal by plaintiff from order entered 9 February 1994 by Judge E. Lynn Johnson in Wake County Superior Court. Heard in the Court of Appeals 20 October 1995.

*Wood & Francis, PLLC, by Brent E. Wood, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge & Rice, PLLC, by W. Andrew Copenhaver and Timothy A. Thelen, for defendant-appellee.*

MARTIN, MARK D., Judge.

Plaintiff Richard Zanone (Zanone) appeals from entry of summary judgment in favor of defendant RJR Nabisco (RJR) on his breach of contract and fraudulent misrepresentation claims. We affirm.

In 1987, Zanone, then an RJR employee, was relocated by RJR to Atlanta where he and his wife purchased a home. In 1989, as a result of the RJR buy-out, the corporate headquarters was moved from Atlanta and several employees, including Zanone, were released. In an effort to ease the financial burden on these released employees, RJR initiated the Atlanta-Based Special Moving & Relocation Policy (ABSMR), an "opt-in" policy. ABSMR was created to reimburse eligible employees for losses and expenses incurred in locating other jobs, including relocation expenses and losses incurred in selling their homes. After meeting with RJR management to discuss ABSMR, Zanone "opted-in" to the policy.

On 7 September 1991 Zanone sold his home. Zanone's request for certain benefits under ABSMR was denied because Karl F. Yena (Yena), Director of Organizational Development for RJR and overseer of ABSMR, determined the request came after the policy deadline. Zanone appealed the denial by letter to RJR's New York Headquarters dated 14 October 1991. The New York office reviewed Zanone's request and agreed to provide compensation for finding suitable housing, shipping Zanone's household goods, and moving Zanone's family to Raleigh. The primary reason for RJR's reconsideration was the impending surgery on Zanone's son.

Under ABSMR Zanone initially received $15,040.79 in benefits. Zanone objected to the $1960.83 amount RJR assigned as his recoverable "loss-on-sale." RJR reconsidered its previous valuation and, on the advice of an independent appraiser, paid Zanone another $2500 for loss on the sale of his home. Despite accepting the $2500 check, Zanone continued to complain and wrote a letter to RJR requesting $15,778 as "final settlement."

On 22 July 1992 Yena notified Zanone by letter that RJR considered the $5000 payment to follow "full and final payment of [his ABSMR] benefits." Zanone responded by letter dated 12 August 1989 stating, "As of today I have not, as yet, received your payment . . . I assume this is an accounting delay. . . . I regret, as much as I would like this situation to be concluded, that I cannot accept your offer as final. I wish to review my position on a number of issues." RJR subsequently sent Zanone a check for $5000 ($5000 check) on 20 August 1992 which Zanone deposited on 31 August 1992. The check, on its face, did not indicate RJR considered it "full and final" payment. Since 20 August 1992 RJR has refused to pay Zanone any further benefits under ABSMR.

On 10 November 1992 Zanone filed his complaint seeking reimbursement for the difference between the amount he claimed he lost on the sale of his house and the benefits already provided by RJR under ABSMR. Zanone seeks recovery alleging, in the alternative, RJR breached the terms of ABSMR and RJR fraudulently misrepresented the terms of ABSMR. After discovery, the trial court granted RJR's motion for summary judgment on both of Zanone's claims.

We address two issues on appeal—whether summary judgment was proper as to Zanone's (1) breach of contract claim; and (2) fraud claim.

I.

· To .prevail in summary judgment, the moving party must "positively and clearly" show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *James . v. Clark*, 118 N.C. App. 178, 180, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995). Further, all material filed in support of or opposition to the summary judgment motion must be viewed in the light most favorable to the nonmoving party. *Id.* at 181, 454 S.E.2d at 828.

"[A] genuine issue is one which can be maintained by substantial evidence." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E.2d 823, 830 (1971) (*quoting* 3 BARRON AND HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE 1234 (Wright Ed., 1958)). An issue is material if the facts alleged "affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail." *Id.*

The moving party can establish it is entitled to judgment as a matter of law by: " '(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim.' " *James*, 118 N.C. App. at 181, 454 S.E.2d at 828 (*quoting Watts v. Cumberland County Hosp. System*, 75 N.C. App. 1, 6, 330 S.E.2d 242, 247 (1985), *rev'd. on other grounds*, 317 N.C. 321, 345 S.E.2d 201 (1986)).

A.

[1] Zanone first contends the trial court erred in granting summary judgment to RJR on his breach of contract claim because material facts were still at issue regarding the existence of an accord and satisfaction.

Although the existence of accord and satisfaction is generally a question of fact, "where the only reasonable inference is existence or non-existence, accord and satisfaction is a question of law and may be adjudicated by summary judgment when the essential facts are made clear of record." *Construction Co. v. Coan,* 30 N.C. App. 731, 737, 228 S.E.2d 497, 501, *disc. review denied*, 291 N.C. 323, 230 S.E.2d 676 (1976). The facts surrounding the delivery of the $5000 check in the present action are not contested, only their legal significance remains in dispute. Thus, we believe the issue of whether an accord

and satisfaction existed was ripe for summary judgment. *See Blades v. City of Raleigh*, 280 N.C. 531, 545, 187 S.E.2d 35, 43 (1972).

It is well recognized

"An 'accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a 'satisfaction' is the execution or performance, of such agreement."

*Sharpe v. Nationwide Mut. Fire Ins. Co.*, 62 N.C. App. 564, 565, 302 S.E.2d 893, 894, *cert. denied*, 309 N.C. 823, 310 S.E.2d 353 (1983) (*quoting Allgood v. Trust Co.*, 242 N.C. 506, 515, 88 S.E.2d 825, 830-831 (1955)).

The word "agreement" implies the parties are of one mind—all have a common understanding of the rights and obligations of the others—there has been a meeting of the minds. . . . Agreements are reached by an offer by one party and an acceptance by the other. This is true even though the legal effect of the acceptance may not be understood.

*Prentzas v. Prentzas*, 260 N.C. 101, 103-104, 131 S.E.2d 678, 680-681 (1963) (citations omitted). In other words, "[e]stablishing an accord and satisfaction . . . as a matter of law requires evidence that permits no reasonable inference to the contrary and that shows the 'unequivocal' intent of one party to make and the other party to accept a lesser payment in satisfaction . . . of a larger claim." *Moore v. Frazier*, 63 N.C. App. 476, 478-479, 305 S.E.2d 562, 564 (1983).

In the present case, RJR, by letter dated 22 July 1992, offered Zanone the $5000 check as "full and final payment of [Zanone's] severance relocation associated benefits." We believe this letter clearly established RJR's intent the $5000 check be treated as an accord. We also note RJR asserted at trial, and now on appeal, that it intended the $5000 check as an accord and satisfaction. Thus, Zanone's breach of contract claim will be barred if RJR can establish Zanone intended to accept the $5000 check in satisfaction of the debt. *See Moore*, 63 N.C. App. at 478-479, 305 S.E.2d at 564; *Coan*, 30 N.C. App. at 736, 228 S.E.2d at 501.

Zanone contends his response to RJR's offer, by letter dated 12 August 1992, establishes he did not accept the $5000 check as satis-

faction of the disputed debt. Zanone's letter stated, "I regret, as much as I would like this situation to be concluded, that I cannot accept your offer as final." Zanone's letter continued by explaining why he believed $5000 was insufficient and denoted $15,778 as an acceptable figure. Without further communication between the parties, RJR mailed the $5000 check on 20 August 1992 and Zanone cashed it on 31 August 1992.

Although we agree Zanone's letter conveyed his displeasure with the amount RJR offered, the law clearly states, "[t]he cashing of a check tendered in full payment of a disputed claim establishes an accord and satisfaction as a matter of law. . . . [T]he claim is extinguished, regardless of any disclaimers which may be communicated by the payee." *Sharpe*, 62 N.C. App. at 566, 302 S.E.2d at 894 (citations omitted). Accordingly, we believe cashing a check known to be offered as an accord and satisfaction establishes, as a matter of law, the payee intended to accept the offer even though he previously voiced reservations about the amount of the settlement. *See Barber v. White*, 46 N.C. App. 110, 112, 264 S.E.2d 385, 386 (1980); *Moore v. Greene*, 237 N.C. 614, 616-617, 75 S.E.2d 649, 650 (1953).

In *Barber v. White*, plaintiff, a house painter, presented the defendant with a final bill of $2359.19. Defendant contested the bill as too high and offered plaintiff a check for $1813.19 with the words "painting in full" written on the check. Plaintiff accepted and cashed the check with the caveat he was doing so only because he was "in a rather tight position" and defendant still owed him $615.19. This Court concluded, notwithstanding the reservations plaintiff expressed to defendant, that cashing of the check established an accord and satisfaction as a matter of law. *Barber*, 46 N.C. App. at 112-113, 264 S.E.2d at 386.

Likewise, in *Moore v. Greene*, defendant fired plaintiff and notified him by mail that his contractual share of the net profits was $1179.39. In the same letter, defendant enclosed a check with the words "For Settlement under terms of employment contract 7-1-47 to 7-1-48" written on its face. Plaintiff wrote defendant objecting to certain deductions totalling $769.45. More specifically, plaintiff's letter stated, "If you will pay me [an additional $256.48] within a reasonable time, I will accept it in full payment and close the issue." Plaintiff had no further communications with defendant and, on 10 November 1948, cashed the initial $1179.39 check. Our Supreme Court held defendant was entitled to a judgment of nonsuit reasoning, "[t]he

plaintiff had a right to decline the proffered settlement and sue for the full amount he claimed was due. . . . We think he made his election when he cashed the check and may not now be allowed to change his position." *Moore*, 237 N.C. at 616-617, 75 S.E.2d at 650.

Zanone, like the payees in *Barber* and *Moore*, expressed his reservations about the amount of the settlement; claimed RJR still owed him $15,778; and cashed the check without further communication with RJR. Thus, under *Barber* and *Moore*, we conclude that Zanone, by cashing the $5000 check, demonstrated his intent to accept RJR's offer of accord and satisfaction.

In an effort to distinguish the present case from *Barber* and *Moore*, Zanone asserts RJR's $5000 check was neither marked as "payment in full" nor accompanied by a letter explaining it was "payment in full."

It is well settled in North Carolina, however, that the offer and acceptance of an accord can be established by the facts and circumstances surrounding the receipt of the check. *Phillips v. Construction Co.*, 261 N.C. 767, 771-772, 136 S.E.2d 48, 51-52 (1964). As stated by our Supreme Court:

"when, in case of a disputed account between parties, a check is given and received clearly purporting to be [payment] in full or when such check is given and from the facts and attendant circumstances it clearly appears that it is to be received in full [payment] of all indebtedness . . . the courts will allow to such a payment the effect contended for."

*Id.* (emphasis added) (*quoting Hardware Company v. Farmers Federation*, 195 N.C. 702, 143 S.E.2d 471 (1928)).

In the present case, we believe RJR's letter dated 22 July clearly establishes RJR intended the $5000 check, mailed 20 August, to be "full and final" payment of the disputed debt. Although Zanone registered his objection to the $5000 amount by letter dated 12 August, he had no further communication with RJR concerning the disputed debt prior to cashing the $5000 check. Based on these facts and circumstances, we conclude Zanone received the $5000 check clearly understanding RJR was offering the $5000 check as "full and final" payment of the disputed debt. Therefore, under *Phillips v. Construction Co.*, acceptance of RJR's offer of accord and satisfaction was established, as a matter of law, when Zanone cashed the $5000 check.

ZANONE v. RJR NABISCO

[120 N.C. App. 768 (1995)]

Accordingly, we conclude accord and satisfaction existed as a matter of law and bars any claims based on the underlying contract. We therefore affirm the trial court's grant of summary judgment for defendant on plaintiff's breach of contract claim.

B.

[2] We next turn to Zanone's contention the trial court erred in granting summary judgment on his fraud claim.

To establish a viable fraudulent misrepresentation claim, plaintiff must prove: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974).

After careful review of the present record, we find Zanone, in his own deposition, stated: (1) he was aware the policy limited its reimbursement to "approved capital expenditures," yet never sought RJR's opinion on the recoverability of capital expenditures undertaken after he "opted-in" to ABSMR; (2) he had between ten and twenty conversations with Yena concerning eligibility under ABSMR and still claims RJR failed to provide necessary information about eligibility; (3) he believed Yena made every effort to respond to his questions and any confusion was probably a result of his failure to ask the right questions; and (4) he did not mean to imply Yena gave misleading or incorrect information because any confusion was probably a case of his failing to ask the right questions. We also note this is not an exhaustive list of the statements contained within Zanone's own deposition which undercut his claim of fraudulent misrepresentation.

Thus, we believe the record, especially in light of Zanone's own admissions, does not support Zanone's fraud claim and, accordingly, affirm the trial court's grant of summary judgment in favor of RJR.

Affirmed.

Judges LEWIS and WALKER concur.