ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 12, 2004

The Honorable Kurt Sistrunk
Galveston County Criminal District Attorney
722 Moody, Suite 300
Galveston, Texas 77550

Opinion No. GA-0216

Re: Procedure for filling a vacancy in the office of district clerk   (RQ-0165-GA)

Dear Mr. Sistrunk:

You ask about the proper procedure for filling a vacancy in the office of district clerk.[1] You relate that the district clerk of Galveston County serves six district courts. *See* Request Letter, *supra* note 1, at 1. The former clerk announced that she would retire "on or about March 31, 2004," vacating her office approximately midway through her term. *Id.* Section 51.301(b) of the Government Code describes the procedure for filling a vacancy in the office of district clerk:

> (b)  If a vacancy in the office of district clerk occurs in a county that has two or more district courts, the vacancy shall be filled *by agreement of the judges of the courts*. If the judges cannot agree on an appointee, they shall certify that fact to the governor, who shall order a special election to fill the vacancy.

TEX. GOV'T CODE ANN. § 51.301(b) (Vernon 1998) (emphasis added). You suggest that "[i]t is unclear whether the phrase 'agreement of the judges' requires a unanimous vote of the district judges, or whether a majority of the judges may select the new district clerk." Request Letter, *supra* note 1, at 1.

Because section 51.301(b) is silent on the meaning of the term "agreement" for purposes of selection of a district clerk, we turn to the common meaning of the term as established in case law. In *Gonzalez v. State*, 954 S.W.2d 98 (Tex. App.–San Antonio 1997, no writ), the court said that "[a]n agreement is a harmonious understanding or an arrangement as between two or more parties, as to a course of action." *Id.* at 104. In *Zanone v. RJR Nabisco, Inc.*, 463 S.E.2d 584 (N.C. App. 1995), the court stated that "[t]he word 'agreement' implies the parties are all of one mind – all have a common understanding of the rights and obligations of the others – there has been a meeting of the minds." *Id.* at 587. And in *Haynes v. Allen*, 482 S.W.2d 85 (Mo. App. 1972), the court declared that

---

[1]Letter from Honorable Kurt Sistrunk, Galveston County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 13, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

"'agreement' . . . implies mutuality of consent and forecloses the interpretation . . . that it means consent or agreement by a number less than all of the partners." *Id.* at 88; *see also TLZ Props. v. Kilburn-Young Asset Mgmt. Corp.*, 937 F. Supp. 1573, 1578 (M.D. Fla. 1996), *aff'd*, 119 F.3d 10 (11th Cir. 1997) ("'agreement' is defined as a manifestation of mutual assent by two or more legally competent parties to each other"); *In the Matter of Turner*, 156 F.3d 713, 718 (7th Cir. 1998) ("Fundamental to the concept of an agreement is an expression of mutual assent between the two (or more) parties to that agreement."); *MacCulloch v. Caroline Mines, Inc.*, 145 F. Supp. 421, 424 (W.D.N.C. 1956) ("An agreement is the meeting of minds in a common intention and implies two or more parties.").

This judicial authority, combined with the lack of any language in section 51.301(b) suggesting that the term "agreement of the judges" should be read as "agreement of a majority of the judges," supports the view that an "agreement" under the statute requires the unanimous assent of the six district judges in Galveston County. By contrast, chapter 84 of the Local Government Code describes the process for the appointment of a county auditor. Section 84.002 thereof provides that, "[i]n a county with a population of 10,200 or more, the district judges shall appoint a county auditor." TEX. LOC. GOV'T CODE ANN. § 84.002(a) (Vernon Supp. 2004). Section 84.001(b) states that "[a] majority vote of the district judges is required to perform an act required or permitted of the district judges unless the law specifically provides otherwise." *Id.* § 84.001(b) (Vernon 1999).[2] Thus, where the legislature has intended that an appointment made by a group of district judges be made by a majority vote of those judges, it has explicitly so declared. In the case of a district clerk, however, the legislature has failed to include any "majority vote" requirement. Its use of the term "agreement" in section 51.301(b), without any qualifying language, provides persuasive evidence that, for purposes of that statute, an "agreement" requires the unanimous assent of all the district judges. In addition, section 51.301(b) prescribes a special procedure if the judges cannot agree on the selection of a particular individual: they must certify such fact to the governor, who is then required to order a special election to fill the vacancy.

We conclude that, for purposes of section 51.301(b) of the Government Code, the district judges of Galveston County must unanimously assent to the appointment of a district clerk. If the judges cannot agree, they must certify that fact to the governor, who must order a special election to fill the vacancy.

---

[2]Section 84.005 provides that "[i]n a county with a population of 3.3 million or more, the district judges shall hold a meeting for the purpose of appointing a county auditor. For a county auditor to be appointed, a majority of the district judges must be present at the meeting and a candidate for the office must receive at least a two-thirds vote of the district judges who are present and voting at the meeting." TEX. LOC. GOV'T CODE ANN. § 84.005(a) (Vernon Supp. 2004).

## SUMMARY

The district judges of Galveston County must unanimously assent to the appointment of a district clerk.  If the judges cannot agree, they must certify that fact to the governor, who is required to order a special election to fill the vacancy.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee