PATRICK V. FIEL, Plaintiff
v.
STEPHEN WEIL and CONSTRUCTION CORP., Defendants
No. COA08-125
Court of Appeals of North Carolina
Filed October 7, 2008
This case not for publication
Burrows & Hall, by Richard L. Burrows, for plaintiff-appellee.
Glenn A. Barfield for defendants-appellants.
MARTIN, Chief Judge.
Stephen Weil ("Weil") and Construction Corp. (collectively "defendants") appeal from an order granting summary judgment in favor of Patrick V. Fiel ("plaintiff") and ordering defendants to pay plaintiff $20,000 plus 8% interest from 15 September 2006 until paid, and costs.
The documents in the record before the superior court established the following undisputed facts: Weil is president of Construction Corp. On 11 September 2005, plaintiff and defendants entered into a construction contract providing that defendants would construct a custom home for plaintiff for a sum consisting of the cost of construction plus a fixed percentage fee of 15% of such cost, not to exceed a total of $400,000.
Plaintiff asserted that shortly before 15 September 2006 he discovered that defendants had been paid $4,907.66 in excess of the $400,000 contract price, but the house was not completed, in that defendants had not installed the flooring and carpeting. Plaintiff met with Weil at the Sherwin Williams store in Goldsboro, North Carolina, to pick out the flooring. Weil told plaintiff that he would place the order, pay for the flooring, and install it. A few days later, Weil told plaintiff that defendants did not have the money to pay for the flooring and asked if plaintiff would advance the money for the flooring. Weil told plaintiff that defendants would repay him with the money defendants would receive from another job in the same subdivision.
After consulting with his attorney, plaintiff agreed to advance the funds but required Weil to execute a promissory note in his individual capacity and as owner of Construction Corp. Rather than advancing the funds directly to defendants, plaintiff ordered the carpeting and flooring from Sherwin Williams and paid for it directly. Defendants consented to this arrangement and executed a written promissory note ("note") in the amount of $20,000 payable on demand to plaintiff. The note contained the following language: "This Note is given as evidence to finish my new home located at 113 October Glory, River Land Subdivision, Wallace, NC." Defendants installed the carpeting and flooring in plaintiff's home. On 4 January 2007, plaintiff made demand for payment upon the note, to which defendants did not respond. Plaintiff filed suit on 25 January 2007, claiming he was entitled to recovery on the note. Defendants filed an answer admitting their execution of the document, but denying that it was enforceable as a note. Plaintiff moved for summary judgment, and the trial court granted plaintiff's motion. Defendants appeal from the order granting summary judgment.
Under N.C.G.S. § 1A-1, Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). On appeal of a trial court's order granting summary judgment, the appellate court is to consider "whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Evidence presented by the parties is viewed in the light most favorable to the non-movant." Summey v. Barker, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003) (citing Dobson v. Harris, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000)). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." Koontz v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).
Defendants argue there was a genuine issue of material fact as to whether the note was enforceable as a negotiable instrument or whether it was a contract securing the performance of an underlying promise to finish the house. A negotiable instrument is defined in N.C.G.S. § 25-3-104(a) as follows:
"[N]egotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
(2) Is payable on demand or at a definite time; and
(3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . . .
N.C. Gen. Stat. § 25-3-104(a) (2007). In N.C.G.S. § 25-3-104(a)(3), "[t]he words `instruction' and `undertaking' are used instead of `order' and `promise' . . . because the latter words are defined terms that include only orders or promises to pay money." N.C. Gen. Stat. § 25-3-104 official comment. A promise is unconditional for the purposes of § 25-3-104(a) "unless it states (i) an express condition to payment, (ii) that the promise or order is subject to or governed by another writing, or (iii) that rights or obligations with respect to the promise or order are stated in another writing." N.C. Gen. Stat. § 25-3-106(a) (2007) (emphasis added).
Specifically, defendants contend that they made a sufficient evidentiary showing to raise a genuine issue of fact as to whether payment of the instrument was rendered conditional by the addition of the language that the note was "given as evidence to finish [plaintiff's] new home." Defendants further contend that the note was given to secure an apparent promise "that [Weil] as the general contractor would continue to help [plaintiff] make arrangements with the contractors and vendors, with whom [Weil] had worked and [plaintiff] had not." For these assertions to constitute a legal defense to plaintiff's allegation that the note was a negotiable instrument, defendants must show that at least one of the requirements for a negotiable instrument is not met. At issue here is whether (1) the language on the note could have constituted an "undertaking or instruction" (i.e., promise) by defendants to finish the house in addition to the payment of money, as described in N.C.G.S. § 25-3-104(a)(3); or (2) that finishing the house could have been a "condition to payment," as described in N.C.G.S. § 25-3-106(a).
It seems unlikely to us that plaintiff would pay $20,000 on the condition or "undertaking" that defendants finish the house, because plaintiff already was entitled to defendants' completion of the house under the construction contract, in which defendants clearly promised to "perform . . . construction of custom home" and "complete the work." No matter how unlikely, however, and because we are required to view the evidence in the light most favorable to the non-movant, defendants' affidavit is sufficient to raise the factual issue of whether the language could evidence a condition of payment as an accord and satisfaction.
"An `accord' is an agreement whereby one of the parties undertakes to give or perform, and the other to accept, in satisfaction of a claim, liquidated or in dispute, and arising either from contract or tort, something other than or different from what he is, or considered himself entitled to; and a "satisfaction' is the execution or performance, of such agreement."
Zanone v. RJR Nabisco, Inc., 120 N.C. App. 768, 772, 463 S.E.2d 584, 587 (1995) (quoting Sharpe v. Nationwide Mut. Fire Ins. Co., 62 N.C. App. 564, 565, 302 S.E.2d 893, 894, cert. denied, 309 N.C. 823, 310 S.E.2d 353 (1983)), disc. review denied, 342 N.C. 666, 467 S.E.2d 738 (1996). In other words, to have an "accord," one party must give up a legal claim in exchange for something to which he is not already entitled. We first note that the theory of accord and satisfaction does not apply from the perspective of plaintiff giving up a claim against defendants. Although plaintiff did have a claim against defendants for failing to complete the house as agreed under the construction contract, the note could not evidence an accord for this claim because defendants did not offer anything different from what plaintiff was entitled to under the construction contract. That is to say, defendants only offered to complete the house, something they were already obligated to do under the construction contract. Instead, the theory of accord and satisfaction can only apply from the perspective of defendants giving up a claim against plaintiff in exchange for the $20,000 payment. In his affidavit, Weil's assertions are minimally sufficient to suggest that he had a claim against plaintiff, where he stated plaintiff "told us that [he was] going to take over the job and arrange and pay for the subcontractors directly [and Weil] indicated to [plaintiff] that his doing so was not consistent with [the] contract, and it prevented [Weil] from managing the job and particularly from controlling the cost." (Emphasis added). Weil further asserted "after the contract was signed [plaintiff] requested a number of changes to the planned construction, which added a significant amount to the cost and made it impossible to construct the house on a cost plus basis for $400,000.00 or less" and attached a list of alleged changes to the house plan. Although defendants offered only Weil's affidavit, a response to a motion for summary judgment need only set forth specific facts by affidavit showing that there is a genuine issue of material fact. N.C. Gen. Stat. § 1A-1, Rule 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Thus, taking the evidence in the light most favorable to defendants, we conclude that Weil's affidavit does raise the issue of whether a breach of contract had occurred, giving rise to a claim against plaintiff and putting defendants in a position to give up their claim in exchange for plaintiff's payment of $20,000. Because the facts in Weil's affidavit were sufficient to allege an accord and satisfaction as a defense to plaintiff's allegation that the note was negotiable, the question of whether the language evidenced a condition of payment is a genuine issue of material fact to be determined at trial. The trial court erred in granting the motion for summary judgment.
Reversed and remanded.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).